1   David S. Gingras, #021097
    **Gingras Law Office, PLLC**
2   4802 E. Ray Road, #23-271
    Phoenix, AZ 85044
3   Tel.: (480) 264-1400
    Fax: (480) 248-3196
4   David@GingrasLaw.com

5   Stevan Lieberman, Esq. (*Pro Hac Vice* pending)
    **Greenberg & Lieberman, LLC**
6   1775 Eye Street, Suite 1150
    Washington, D.C. 20006
7   Tel.:(202) 625-7000
    Fax: (202) 625-7001
8   Stevan@aplegal.com

9   Attorneys for Plaintiff

10          **UNITED STATES DISTRICT COURT**

11             **DISTRICT OF ARIZONA**

12
    deltaventure GmbH, a foreign
13  corporation,                        Case No._____

14          Plaintiff,                  **VERIFIED COMPLAINT**

15  v.                                  **JURY TRIAL DEMANDED**

16
    Pay.io, an Internet domain name, and
17  John Doe,

18          Defendant.

19

20          Plaintiff deltaventure GmbH ("deltaventure" or "Plaintiff"), by and through its

21  undersigned attorneys, for his Complaint alleges as follows:

22                    **NATURE OF THE SUIT**

23          1.      Plaintiff is seeking to recover its valuable domain name and seeks (1) a

24  Declaratory Judgment as to the ownership of the Defendant Domain Name, (2) asserts in

25  rem claims under the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d),

26  under 28 U.S.C. § 1655, and Arizona common law (3) Tortious Interference with

27  Contract and Business Expectancy (4) Trespass to Chattels, Conversion and Civil Theft,

28  Computer Trespass and Conversion, and Quiet Title and *in personam* claims under (5)

the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, (6) the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and Arizona common law, arising from the unauthorized access to Plaintiff's secured computer account and the unauthorized transfer and theft of the pay.io domain name (the "Defendant Domain Name").

2.     Plaintiff seeks injunctive and other equitable relief as a result of the actions of a person of unknown identity who gained unauthorized access to Plaintiff's domain name management account on a protected computer, transferred control of the Defendant Domain Name from Plaintiff's account, and thereby disabled Plaintiff's control of the Defendant Domain Name causing irreparable injury to Plaintiff.

## JURISDICTION AND VENUE

3.     This action arises out of Doe's violation of the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and related claims under the common law of Arizona.

4.     This Court has original jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and has in rem jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A) as the registry for the Defendant Domain Name, Namecheap, is located within this judicial district. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because this action arises out of Defendants' violation of the Federal Computer Fraud and Abuse Act (18 U.S.C. § 1030), Electronic Communications Privacy Act (18 U.S.C. § 2701), and the Lanham Act (15 U.S.C. §§ 1114, 1125). The Court also has subject matter jurisdiction over deltaventure's claims for trespass to chattels, conversion, and intentional interference with contractual relationships pursuant to 28 U.S.C. § 1367.

5.     Venue is proper in this district pursuant to 15 U.S.C. § 1125(d)(2)(C) as the subject registry, Namecheap has its principal place of business in this judicial district.

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

6.     Venue is further proper pursuant to 28 U.S.C. § 1391(b)(2) as the subject of the action, the domain name, is located in this judicial district.

7.     Defendant Doe directed the acts complained of towards the district and utilized instrumentalities in the district in that he gained unauthorized access to the Defendant Domain Name and thereafter, without authorization, caused the Domain Name's registration record, maintained by iDotz.net and recorded in Namecheap's records in Arizona for the Defendant Domain Name to be altered so as to transfer control of the Defendant Domain Name away from the Plaintiff.

8.     The Declaratory Judgment Act, 28 U.S.C. § 2201 provides for a declaration of the rights of the Plaintiff in this matter.

## NOTICE

9.     Pursuant to the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), notice of filing of this complaint is being sent to the Defendant at the postal addresses and email addresses provided on the current WHOIS records as set forth above, along with a request to waive service pursuant to Federal Rule of Civil Procedures 4(d).

10.     The Plaintiff is providing such notice contemporaneously with the filing of this Complaint. Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), the Plaintiff will promptly publish notice of this action as the Court may direct after filing of this Complaint.

11.     The Plaintiff's claim for violation of the Computer Fraud and Abuse Act, and the Court's jurisdiction over the alternative claim, are proper pursuant to 15 U.S.C. § 1125(d)(3) and (4).

12.     Joinder of the Defendant Domain Name is proper under Federal Rule of Civil Procedure 20(a)(2) in that the claims set forth herein arise out of the same set of operative facts and the questions of law are common as to all claims and Defendants.

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

**PARTIES**

13.     The Plaintiff, deltaventure GmbH (hereinafter "deltaventure") is a limited liability company registered in Germany with a primary address of Mergenthalerallee 10-12, 65760 Eschborn, Germany, previously Neuer Wall, 20354 Hamburg, Germany. deltaventure was, and is, the rightful owner of the Defendant Domain Name.

14.     The Defendant pay.io is a .COM tld (top level domain) which is controlled by Namecheap, Inc. ("Namecheap") which has a primary address of 4600 East Washington Street, Suite 305, Phoenix, AZ 85034 which is within this Court's judicial district.

15.     Defendant John Doe (Hereinafter "Doe") is a person of unknown identity who gained unauthorized access to deltaventure's protected domain name management account and, without consent or authority, transferred control of Defendant Domain Name away from deltaventure.

**FACTUAL BACKGROUND**

16.     The Plaintiff acquired the Defendant Domain Name on June 4, 2012 for €5,000 has since then been the sole legal registrant of the Defendant Domain Name. See Exhibit A.

17.     On May 21, 2013, April 22, 2014, April 27, 2015 and April 24, 2016, Plaintiff renewed the Defendant Domain Name. See Exhibit B.

18.     As the time of its last renewal on April 24, 2016, Plaintiff extended its ownership of the Defendant Domain Name for a period of five (5) years, giving Plaintiff sole and exclusive ownership of the domain name through at least April 24, 2021.

19.     The Plaintiff did not sell or transfer the Defendant Domain Name to Doe or any other third party.

20.     On or about July 24, 2016, Defendant Domain Name was transferred to Doe.

21.    On or about October 2, 2019, Plaintiff noticed that he no longer had access to the Defendant Domain Name. On or about October 15, 2019, Plaintiff learned of the transfer of the Defendant Domain Name to Doe.

22.    The Defendant Domain Name is extremely valuable and its loss has deprived the Plaintiff of both the Defendant Domain Name and the income revenue which would have been generated by the business.

23.    Defendant Doe has taken control of the Defendant Domain Names with the intent to divert the revenue produced by the Defendant Domain Name to himself.

24.    Defendant Doe's registration and use of the Defendant Domain Name is without the Plaintiff's authorization.

25.    Defendant Doe has no intellectual property rights in the Defendant Domain Name.

26.    Defendant Doe provided misleading or incomplete contact information in the Domain Name's registration when changing the registration for the Defendant Domain Names.

27.    Defendant Doe's actions are in violation of these aforementioned rights of Plaintiff.

## CAUSES OF ACTION

### Count I
### Claim For Declaratory Judgment

28.    The Plaintiff repeats and realleges the previous paragraphs as if set forth in full. Plaintiff had registered the Defendant Domain Name as alleged above and has, since that time, maintained uninterrupted control over the Defendant Domain Name until stolen by Defendant Doe.

29.    Defendant's actions have taken control of the Defendant Domain Name from Plaintiff without authorization or permission.

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

5

30.    The Declaratory Judgment Act, 28 U.S.C. § 2201, provides for a declaration of the rights of the Plaintiff in this matter.

### Count II
### Anticybersquatting Consumer Protection Act (ACPA)
### <u>15 U.S.C. § 1125(d)</u>

31.    The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

32.    The Plaintiff has owned the Defendant Domain Name since April 6, 2012, has used it in commerce and has common law rights in the pay.io mark.

33.    Defendant's actions constitute registration, trafficking, or use of a Domain Name that is confusingly similar to the Plaintiff's trademark, with bad faith intent to profit therefrom.

34.    The Plaintiff, because of Defendant's actions, is being prevented from using and exercising control over the Defendant Domain Name (pay.io).

35.    The Plaintiff is being harmed through the loss of revenue, loss of business and loss of business opportunities unless enjoined.

36.    The Plaintiff, despite diligent inquiry, has been unable to obtain the accurate location of Defendant for any Court's jurisdiction in a civil action pursuant to 15 U.S.C § 1125(d)(2)(A)(i)(I).

37.    The above described conduct of Defendant Doe, registrant of the Defendant Domain Names, constitutes unlawful cybersquatting in violation of the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

38.    The above described conduct by Defendant has caused, and is causing, great and irreparable harm to the Plaintiff and the public. Unless permanently enjoined by this Court, said irreparable harm will continue. Accordingly, pursuant to 15 U.S.C. § 1125(d)(2)(D)(I), the Plaintiff is entitled to an order transferring the registration of the Defendant Domain Name to the Plaintiff.

GINGRAS LAW OFFICE, PLLC
4802 E. Ray Road, #23-271
PHOENIX, AZ 85044

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

**Count III**
**Violation of the Computer Fraud and Abuse Act 18 U.S.C. § 1030**

39.     The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

40.     Defendant Doe knowingly and intentionally accessed the Plaintiff's hosting account and registrar account on protected computers exceeding his authorization and thereby obtained and used information from the protected computer systems in multiple transactions involving interstate and foreign communication in violation of 18 U.S.C. § 1030(a)(2)(c).

41.     Defendant Doe knowingly, and with intent to take Plaintiff's revenue and business, accessed the Plaintiff's email system on a protected computer exceeding his authority and used the access to transfer all of Plaintiff's assets to himself in violation of 18 U.S.C. § 1030(a)(4).

42.     Defendant Doe's conduct complained of herein caused the registration records maintained by Namecheap on a protected computer system in this District to be altered transferring control of the Defendant Domain Name from the Plaintiff to Defendant Doe in violation of the Plaintiff's rights.

43.     Defendant Doe intentionally accessed the Plaintiff's registrar without authorization and as a result of such conduct caused damage and loss in violation of 18 U.S.C. § 1030(a)(5)(c).

44.     The Plaintiff has suffered damages as a result of the conduct complained of and such conduct has caused a loss to the Plaintiff aggregating to at least $100,000 that being the value of the Defendant Domain Name.

45.     As a direct result of the actions complained of, the Plaintiff has suffered, and continues to suffer, irreparable harm for which the Plaintiff has no adequate remedy at law and which will continue unless enjoined.

**Count IV**
**Tortious Interference with Contract and Business Expectancy**

46.   The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

47.   The Plaintiff had a valid contractual relationship or business expectancy with the registrar for the Defendant Domain Name before the Defendant Domain Name was stolen.

48.   Upon information and belief, Defendant had knowledge of such relationship or expectancy.

49.   Defendant intentionally interference in such relationship or expectancy, causing a breach or termination of the relationship or expectancy by unlawfully taking control of the Defendant Domain Name, interfering with Plaintiff's lawful contract rights to the Defendant Domain Name.

50.   As a result of the Defendant's acts, the Plaintiff has been damaged and will continue to be damaged

51.   The Plaintiff requests that this Court declare Defendant liable for its past and any future losses in association with the registration and hosting service contract.

**Count V**
**Conversion and Civil Theft**

52.   The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

53.   Plaintiff has property rights in the Defendant Domain Name.

54.   Defendant Doe has intentionally exercised dominion or control over the Defendant Domain Name which so seriously interferes with the right of Plaintiff to control it that Defendant Doe may justly be required to pay the other the full value of the chattel.

8

55.    The control and authority exercised by Defendant Doe deprives the Plaintiff of control and the revenue and business generated from the Defendant Domain Name.

56.    Defendant Doe is wrongfully exerting dominion and possession over the Plaintiff's property in denial of his rights and is intermeddling with the Plaintiff's property rights.

57.    To the extent that Defendant Doe has transferred the Defendant Domain Name, the transferee's wrongful exercise of dominion and control over the Plaintiff's Domain Name deprives the Plaintiff of the use and control of his domain name.

58.    The Plaintiff has suffered damages, including the loss of the Defendant Domain Name, as the result of Defendant Doe's conduct and is entitled to injunctive relief, actual, statutory and/or punitive damages as well as attorney's fees.

## Count VI
## Trespass to Chattels

59.    The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

60.    Plaintiff has property rights in the Defendant Domain Name.

61.    Defendant Doe has dispossessed Plaintiff of a chattel – namely the Defendant Domain Name.

62.    Defendant has used or intermeddled with a chattel, the Defendant Domain Name, in the possession of Plaintiff.

63.    The control and authority exercised by Defendant Doe deprives the Plaintiff of control and the revenue and business generated from the Defendant Domain Name.

64.    Defendant Doe is wrongfully exerting dominion and possession over the Plaintiff's property in denial of his rights and is intermeddling with the Plaintiff's property rights.

GINGRAS LAW OFFICE, PLLC
4802 E. Ray Road, #23-271
PHOENIX, AZ 85044

9

65.    To the extent that Defendant Doe has transferred the Defendant Domain Name, the transferee's wrongful exercise of dominion and control over the Plaintiff's Domain Name deprives the Plaintiff of the use and control of his domain name.

66.    The Plaintiff has suffered damages, including the loss of the Defendant Domain Name, as the result of Defendant Doe's conduct and is entitled to injunctive relief, actual, statutory and/or punitive damages as well as attorney's fees.

## Count VII
## Violation of the Electronic Communications Privacy Act

67.    The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

68.    On information and belief, Defendant Doe intentionally, accessed without authorization, electronic communications sent by the domain name registrar to deltaventure seeking deltaventure's approval for the transfer of the Defendant Domain Name.

69.    On information and belief, Defendant Doe obtained such electronic communications and/or prevented deltaventure's authorized access to such electronic communications while the communications were in electronic storage.

70.    Defendant Doe engaged in such actions with a knowing and/or intentional state of mind, and such actions constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707.

71.    The Plaintiff has suffered damages including the loss of the Defendant Domain Name as a result of the conduct complained of herein and is entitled to injunctive relief, actual, statutory, and/or punitive damages, and attorney's fees under the Electronic Communications Privacy Act.

72.    To the extent that Defendant Doe has subsequently transferred the Defendant Domain Name to a person or persons other than Defendant Doe, such other person's wrongful exercise of dominion and control over the Defendant Domain Name deprives

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

the Plaintiff of use and control of the Defendant Domain Name in violation of the Plaintiff's rights in and to the Defendant Domain Name.

## Count VIII
## Quiet Title

73.     The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

74.     The Plaintiff has valid legal and equitable title to the Defendant Domain Name based on his purchase and registration of the Defendant Domain Name.

75.     The Defendant Domain Name was stolen from the Plaintiff and no subsequent registrant may acquire valid title to the domain name – whether or not any such registrant claims to be a bone fide purchaser.

76.     Defendant Doe has, through his control of the Defendant Domain Name, asserted a claim that impedes the Plaintiff's ownership and control of the Defendant Domain Name and constitutes a cloud on the Plaintiff's title to the Defendant Domain Name.

WHEREFORE, Plaintiff respectfully prays for the following relief:

A.  That judgment be entered in favor of the Plaintiff on his in rem claims under the Anti-cybersquatting Consumer Protection Act, 28 U.S.C. § 1655, and for quiet title, Trespass to Chattels, Conversion and Civil Theft, and for Tortuous Interference with Contract and Business Expectancy against the res Defendant pay.io.

B.  That judgment be entered in favor of the Plaintiff on its *in personam* claims under the Computer Fraud and Abuse Act, the Electronic Communications Privacy Act, and Arizona common law against Defendant Doe.

C.  That the Court order the Defendant Domain Name be returned to the Plaintiff through Namecheap, Inc.'s transfer of the domain name from the current domain name registrar to deltaventure's registrar of choice, Namecheap (if not already at

GINGRAS LAW OFFICE, PLLC
4802 E. Ray Road, #23-271
PHOENIX, AZ 85044

11

1   Namecheap) and to change the registrant back to deltaventure. Enter an order
2   declaring that deltaventure is the only entity with any rights to the control
3   controlling the Defendant Domain Name pay.io;

4   D. Enter an order declaring that Defendant Doe does not have any rights to the
5   Defendant Domain Name pay.io;

6   E. Enter an order directing that the Defendant Domain Name pay.io be promptly
7   transferred to the Plaintiff;

8   F. Enter an Order directing Namecheap to promptly return control of the Defendant
9   Domain Name, pay.io, to the Plaintiff and the registrar as directed by counsel for
10   the Plaintiff;

11   G. Award the Plaintiff his fees and costs, including reasonable attorney fees, in
12   connection with this action.

13   H. That the Court order an award of actual, statutory, and/or punitive damages, costs
14   and reasonable attorney's fees; and

15   I. That the Court order an award to deltaventure of such other and further relief as
16   the Court may deem just and proper.

17

18   DATED: February 19, 2020.

19   **GINGRAS LAW OFFICE, PLLC**

20

21   David S. Gingras, Esq.

22   Stevan Lieberman, Esq.
23   (*Pro Hac Vice* pending)
     Greenberg & Lieberman, LLC
24   1775 Eye Street, Suite 1150
25   Washington, D.C. 20006

26   Attorneys for Plaintiff

27

28

GINGRAS LAW OFFICE, PLLC
4802 E. Ray Road, #23-271
PHOENIX, AZ 85044

**VERIFICATION**

I, André Boeder declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I am André Boeder and am the Managing Director of deltaventure GmbH, the original owner of the Defendant Domain Name listed above and the facts contained in the foregoing verified complaint are true and correct to the best of my knowledge, information and belief.

Executed On: <u>January 27, 2020</u>

_____

André Boeder

GINGRAS LAW OFFICE, PLLC
4802 E. Ray Road, #23-271
PHOENIX, AZ 85044

13

Exhibit A

AMERICAN EXPRESS

# American Express Centurion Plus Card

Bitte erreichen Ihren
**Kundenservice** unter:
0800 6060605

## Monatsabrechnung

EINGANG
17. JUNI 2016

Seite 1 von 2

Angefertigt für
**ANDRE BOEDER**

Ihre Karten-Nr.
3750-8███

Datum
23.05.16

| Saldo der letzten Abrechnung in EUR | | Gutschriften in EUR | | Neue Belastungen in EUR | | Neuer Saldo in EUR | | Zu zahlender Betrag in EUR |
|---|---|---|---|---|---|---|---|---|
| 5.096,07 | − | 5.096,07 | + | 4.404,30 | = | 4.404,30 | | 4.404,30 |

Vielen Dank für den Einsatz Ihrer American Express Karte. Wir werden den auf der Abrechnung angegebenen Betrag frühestens 5 Tage nach dem Datum der Abrechnung per SEPA Lastschrift von dem von Ihnen benannten Konto abbuchen, soweit nicht anders mit Ihnen vereinbart.

## Abrechnungszeitraum       vom 24.04.16 bis 23.05.16

| Umsatz vom | Buchungsdatum | Details | | Betrag in Fremdwährung | Betrag EUR |
|---|---|---|---|---|---|
| 27.04 | 27.04 | ZAHLUNG/ÜBERWEISUNG ERHALTEN BESTEN DANK | | | 5.096,07 |
| | | Karten-Nr. 3750-879647-91002 | | | CR |

**Saldo des laufenden Monats für ANDRE BOEDER**
Karten-Nr. 3750-879647-91002

| 24.04 | 25.04 | IDOTZNET | 4152948890 | 299.99 US Dollars | 272,35 |
|---|---|---|---|---|---|

Referenzwechselkurs 1.1235 + Entgelt in EUR 5,34



American Express Services Europe Limited, Zweigniederlassung Frankfurt am Main, Theodor-Heuss-Allee 112, 60486 Frankfurt a. M., HRB 57783
American Express Services Europe Limited hält eine Erlaubnis der Financial Conduct Authority mit Sitz im Vereinigten Königreich zur Erbringung von Zahlungsdiensten gemäß der Vorschriften über die Erbringung von Zahlungsdiensten 2009; Referenznummer IJ415532].

Ihre Karten-Nr.
3750-8███████

ID 01 021806 56082B44 A**SNGLP



**ANDRE BOEDER
DELTAVENTURE GMBH
MERGENTHALER ALLEE 10-12
65760 ESCHBORN
GERMANY**

### Zahlungsart und Kontakt

**Lastschrift**
Wenn Sie am Lastschriftverfahren teilnehmen wird der Rechnungsbetrag von Ihrem Bankkonto abgebucht.

**Zahlung per Überweisung**
Bankverbindung:
Deutsche Bank AG
IBAN   DE05500700100095599700
BIC    DEUTDEFFXXX

### Kontakt

American Express Services Europe Limited
Zweigniederlassung Frankfurt am Main
Theodor-Heuss-Allee 112
60486 Frankfurt am Main
Telefon +49 (0)69 9797 1000
www.americanexpress.de

**Bitte vermerken Sie Ihre Kartennummer auf allen Überweisungen und Korrespondenzen an uns.**

Exhibit B



**Order Receipt - Order ID: 601305211014 - 05/21/2013 09:58 AM**

Thank you for registering the Internet/World-Wide Web Domain(s) name shown below. NOTE: This payment is NON-REFUNDABLE.
IMPORTANT: Please note that your credit card statement will reflect a charge from IDOTZ.NET.

| Billing Information | | Registrant Information | |
|---|---|---|---|
| **First name:** | Andre | **First name:** | Andre |
| **Last name:** | Boeder | **Last name:** | Boeder |
| **Organization:** | deltaventure GmbH | **Organization:** | deltaventure GmbH |
| **Address:** | Neuer Wall 50 | **Address:** | Neuer Wall 50 |
| **City:** | Hamburg | **City:** | Hamburg |
| **State:** | - | **State:** | - |
| **Zip Code:** | 20354 | **Zip Code:** | 20354 |
| **Country:** | Germany | **Country:** | Germany |
| **Email:** | ab@deltaventure.com | **Email:** | contact@deltaventure.com |
| **Phone:** | +4940609407420 | **Phone:** | +4940609407420 |
| **Fax:** | +4940609407429 | **Fax:** | +4940609407429 |

**Order Information**

| pay.io | Domain renewal | $79.99 (1 year) |
|---|---|---|

**Payment Method:** Credit Card     **Order Total:** $79.99

NOTE: This Invoice notice only indicates that your transaction request has been received. It does not suggest your order has been processed or accepted. We strongly suggest that you keep all iDotz.Net
correspondence as it will carry relevant information throughout your history with us.

For all other billing inquiries refer to our Support Helpdesk, or call +1.415.677.4027 from M-F 8:30-4:30 PST (15:30-23:30 UTC/GMT).

© 1995-2020 iDotz.Net™, a division of BRS Media Inc., All rights reserved.



**Order Receipt - Order ID: 601404228549 - 04/22/2014 02:07 AM**

Thank you for registering the Internet/World-Wide Web Domain(s) name shown below. NOTE: This payment is NON-REFUNDABLE.
IMPORTANT: Please note that your credit card statement will reflect a charge from IDOTZ.NET.

| Billing Information | | Registrant Information | |
|---|---|---|---|
| **First name:** | Andre | **First name:** | Andre |
| **Last name:** | Boeder | **Last name:** | Boeder |
| **Organization:** | deltaventure GmbH | **Organization:** | deltaventure GmbH |
| **Address:** | Mergenthalerallee 10-12 | **Address:** | Neuer Wall 50 |
| **City:** | Eschborn | **City:** | Hamburg |
| **State:** | - | **State:** | - |
| **Zip Code:** | 65760 | **Zip Code:** | 20354 |
| **Country:** | Germany | **Country:** | Germany |
| **Email:** | contact@deltaventure.com | **Email:** | contact@deltaventure.com |
| **Phone:** | +49619620211310 | **Phone:** | +4940609407420 |
| **Fax:** | +49619620211319 | **Fax:** | +4940609407429 |

**Order Information**

| **pay.io** | Domain renewal | $69.99 (1 year) |
|---|---|---|

**Payment Method:** Credit Card      **Order Total:** $69.99

NOTE: This Invoice notice only indicates that your transaction request has been received. It does not suggest your order has been processed or accepted. We strongly suggest that you keep all iDotz.Net correspondence as it will carry relevant information throughout your history with us.

For all other billing inquiries refer to our  Support Helpdesk,  or call +1.415.677.4027 from M-F 8:30-4:30 PST (15:30-23:30 UTC/GMT).

© 1995-2020 iDotz.Net™, a division of BRS Media Inc., All rights reserved.



**Order Receipt - Order ID: 601504277599 - 04/27/2015 11:49 PM**

Thank you for registering the Internet/World-Wide Web Domain(s) name shown below. NOTE: This payment is NON-REFUNDABLE.
IMPORTANT: Please note that your credit card statement will reflect a charge from IDOTZ.NET.

| Billing Information | | Registrant Information | |
| --- | --- | --- | --- |
| **First name:** | Andre | **First name:** | Andre |
| **Last name:** | Boeder | **Last name:** | Boeder |
| **Organization:** | deltaventure GmbH | **Organization:** | deltaventure GmbH |
| **Address:** | Mergenthalerallee 10-12 | **Address:** | Neuer Wall 50 |
| **City:** | Eschborn | **City:** | Hamburg |
| **State:** | - | **State:** | - |
| **Zip Code:** | 65760 | **Zip Code:** | 20354 |
| **Country:** | Germany | **Country:** | Germany |
| **Email:** | contact@deltaventure.com | **Email:** | contact@deltaventure.com |
| **Phone:** | +49619620211310 | **Phone:** | +4940609407420 |
| **Fax:** | | **Fax:** | +4940609407429 |

**Order Information**

| **pay.io** | Domain renewal | $69.99 (1 year) |
| --- | --- | --- |

**Payment Method:** Credit Card     **Order Total:** $69.99

NOTE: This Invoice notice only indicates that your transaction request has been received. It does not suggest your order has been processed or accepted. We strongly suggest that you keep all iDotz.Net correspondence as it will carry relevant information throughout your history with us.

For all other billing inquiries refer to our  Support Helpdesk,  or call +1.415.677.4027 from M-F 8:30-4:30 PST (15:30-23:30 UTC/GMT).

© 1995-2020 iDotz.Net™, a division of BRS Media Inc., All rights reserved.



**Order Receipt - Order ID: 601604244817 - 04/24/2016 11:20 PM**

Thank you for registering the Internet/World-Wide Web Domain(s) name shown below. NOTE: This payment is NON-REFUNDABLE.
IMPORTANT: Please note that your credit card statement will reflect a charge from IDOTZ.NET.

| Billing Information | | Registrant Information | |
|---|---|---|---|
| **First name:** | Andre | **First name:** | Andre |
| **Last name:** | Boeder | **Last name:** | Boeder |
| **Organization:** | deltaventure GmbH | **Organization:** | deltaventure GmbH |
| **Address:** | Mergenthalerallee 10-12 | **Address:** | Mergenthalerallee 10-12 |
| **City:** | Eschborn | **City:** | Eschborn |
| **State:** | - | **State:** | - |
| **Zip Code:** | 65760 | **Zip Code:** | 65760 |
| **Country:** | Germany | **Country:** | Germany |
| **Email:** | contact@deltaventure.com | **Email:** | contact@deltaventure.com |
| **Phone:** | +49619620211310 | **Phone:** | +49619620211310 |
| **Fax:** | +49619620211319 | **Fax:** | +49619620211319 |

**Order Information**

| **pay.io** | Domain renewal | $299.99 (5 years) |
|---|---|---|

**Payment Method:** Credit Card     **Order Total:** $299.99

NOTE: This Invoice notice only indicates that your transaction request has been received. It does not suggest your order has been processed or accepted. We strongly suggest that you keep all iDotz.Net correspondence as it will carry relevant information throughout your history with us.

For all other billing inquiries refer to our  Support Helpdesk,  or call +1.415.677.4027 from M-F 8:30-4:30 PST (15:30-23:30 UTC/GMT).

© 1995-2020 iDotz.Net™, a division of BRS Media Inc., All rights reserved.