David S. Gingras, #021097
**Gingras Law Office, PLLC**
4802 E. Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 264-1400
Fax: (480) 248-3196
David@GingrasLaw.com

Stevan Lieberman, Esq. (*Pro Hac Vice*)
**Greenberg & Lieberman, LLC**
1775 Eye Street, Suite 1150
Washington, D.C. 20006
Tel.:(202) 625-7000
Fax: (202) 625-7001
Stevan@aplegal.com

Attorneys for Plaintiff deltaventure GmbH

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| deltaventure GmbH, a foreign corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>Pay.io, an Internet domain name, and JOHN DOE,<br><br>        Defendants. | No. CV-20-00363-PHX-MTM<br><br>**MOTION FOR DEFAULT JUDGMENT** |

Pursuant to Rules 54(b), 54(c), and 58(d), Federal Rules of Civil Procedure Plaintiff deltaventure GmbH ("Plaintiff" or "deltaventure") hereby moves the Court to enter a default judgment in favor of Plaintiff and against Defendants <PAY.IO> and JOHN DOE. Plaintiff requests a default judgment awarding monetary and injunctive relief on the grounds that (1) Plaintiff is entitled to the relief requested in the Complaint filed herein; and (2) Default has been entered against Defendants.

**I.     DISCUSSION**

    **a.  History of Action**

Plaintiff filed this suit seeking a declaratory judgment as to the ownership of the Internet domain name Pay.io, which it owns and is a thing of substantial economic value. Plaintiff asserted *in rem* claims under the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), under 28 U.S.C. § 1655, and Arizona common law for tortious interference with contract and business expectancy, trespass to chattels, conversion and civil theft, computer trespass and conversion, and quiet title. Plaintiff also asserted *in personam* claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, as well as injunctive relief, arising from the unauthorized access to Plaintiff's secured computer account and the unauthorized transfer and theft of the Pay.io domain name, and reasonable attorneys' fees. Plaintiff, a limited liability company registered in Germany, alleged that "a person of unknown identity … gained unauthorized access to Plaintiff's domain name management account on a protected computer, transferred control of the Defendant Domain Name from Plaintiff's account, and thereby disabled Plaintiff's control of the Defendant Domain Name causing irreparable injury to Plaintiff." Compl. ¶ 2.

Pay.io is controlled by Internet domain name registrar Namecheap, Inc. ("Namecheap"), which is located in Phoenix, Arizona. Compl. ¶ 14. Plaintiff acquired the domain name Pay.io in 2012 for €5,000 and renewed the registration every year from 2013 to 2016. In 2016, it renewed the registration for five years, or through 2021. Compl. ¶¶ 16-18. However, on or about July 24, 2016, John Doe gained access to Plaintiff's management account without Plaintiff's knowledge and transferred control and ownership of the domain name to Doe. Plaintiff only became aware of this act of cyberpiracy in 2019. This transfer deprived Plaintiff not just of control of a valuable property for which it had paid good value, but also of revenues associated with the domain name. In transferring control of the domain name, John Doe also used fictitious account and address information in order to prevent detection. Compl. ¶¶ 20-27. Despite diligent inquiry, Plaintiff has been unable to obtain the accurate location of John Doe for any court's jurisdiction in a civil action pursuant to 15 U.S.C § 1125(d)(2)(A)(i)(I). Compl. ¶ 36.

GINGRAS LAW OFFICE, PLLC
3941 E. CHANDLER BLVD., #106-243
PHOENIX, AZ 85048

Pursuant to the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), Plaintiff sent notice of filing of the Complaint to the postal addresses and email addresses provided on the current WHOIS registration records, along with a request to waive service pursuant to Federal Rule of Civil Procedure 4(d). Upon direction of this Court on April 15, 2020, Plaintiff also published notice of this Complaint pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb). *See* Compl. 9-10; *see also* Doc. # 14 (Order Directing Service by Publication). No appearance, answer, or other responsive pleading has been filed by Defendants in this matter.

### b. Plaintiff Is Entitled To Injunctive and Declaratory Relief

By failing to appear in or defend this matter, Defendants have admitted each of the factual allegations of the Complaint. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir.1987) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (internal quotation marks omitted). Moreover, under Rule 55 of the Federal Rules of Civil Procedure, "a party who has not appeared is subject to immediate entry of judgment by default, without notice, on a motion by plaintiff." 6 MOORE'S FEDERAL PRACTICE, ¶55.03[2] at p. 55-20 (1994).

Because Defendants have not entered any appearance or made any responsive pleading despite adequate notice from Plaintiff, the allegations in the Complaint are admitted. As requested in the Complaint, Plaintiff is therefore entitlement to a declaratory judgment declaring that Plaintiff is the only entity with any rights to the control of the domain name Pay.io and that Defendants have no rights to the domain name Pay.io. In addition, Plaintiff is entitled to injunctive relief in the form of an order directing that control of the domain name Pay.io be promptly transferred to the Plaintiff and that Plaintiff be listed as registrar of the domain name Pay.io. This relief is appropriate and warranted upon entry of default judgment even though directed in part to a third party. *See eAdGear, Inc. v. Liu*, 2012 WL 2367805, at *17 (N.D.Cal. 2012) (ordering declaratory judgment and transfer of control of a domain name upon entry of default judgment under the Anti-cybersquatting Consumer Protection Act); *Chanel, Inc., v. Lin*,

GINGRAS LAW OFFICE, PLLC
3941 E. CHANDLER BLVD., #106-243
PHOENIX, AZ 85048

2010 WL 2557503, at *12 (N.D. Cal. May 7, 2010) (same); *Louis Vuitton Malletier, S.A. v. Absolutee Corp., Ltd.*, Case No. 3:09–cv–05612 MMC (N.D. Cal. Apr. 19, 2010) (same).

### c. Plaintiff Is Entitled To Statutory Damages

Pursuant to 15 USCA § 1117(d), a prevailing plaintiff under the Anti-cybersquatting Consumer Protection Act is entitled—if, before entry of final judgment, it elects statutory damages in lieu of actual damages, as Plaintiff now does—to "an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just." Here, the violation is "presumed to be willful," because through entry of the default judgment it has been established that Defendant "knowingly provided or knowingly caused to be provided materially false contact information to a domain name registrar, domain name registry, or other domain name registration authority in registering, maintaining, or renewing a domain name used in connection with the violation." *Id*. at § 1117(e). Accordingly, pursuant to the Anti-cybersquatting Consumer Protection Act, Plaintiff is entitled to statutory damages in an amount the Court considers just for a willful violation of the statute.[1]

## II.   CONCLUSION

For the reasons stated above, deltaventure is entitled a default judgment against Defendant, consisting of:

1. A declaratory judgment declaring that Plaintiff is the only entity with any rights to the control of the domain name Pay.io and that Defendants have no rights to the domain name Pay.io;

---

[1] In addition, "[m]any district courts, including several in this circuit, have awarded statutory damages of $10,000 upon default judgment" in cases alleging violations of the Electronic Communications Privacy Act. *Dish Network L.L.C. v. Gonzalez*, 2013 WL 2991040, at *8 (E.D. Cal. 2013). *See also DIRECTV, Inc. v. Turnbough*, No. 2:04–cv–2409–GEB–GGH, 2006 WL 4007549, at *2 (E.D. Cal. Jan. 30, 2006); *DIRECTV, Inc. v. Grosman*, No. 03–04176 CW, 2005 WL 1230791, at *2 (N.D. Cal. May 19, 2005); *DIRECTV, Inc. v. Bowen*, No. 2:04–cv–2407–GEB–GGB, 2005 WL 5155093, at * 2 (E.D. Cal. Dec. 8, 2005).

2. Injunctive relief in the form of an order directing that control of the domain name Pay.io be promptly transferred to the Plaintiff and that Plaintiff be listed as registrar and owner of the domain name Pay.io;

3. Statutory damages in an amount the Court considers just; and

4. Any other relief the Court considers just and proper.

DATED June 12, 2020.

/s/ *David S. Gingras*
David S. Gingras, #021097
**Gingras Law Office, PLLC**
4802 E. Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 264-1400
Fax: (480) 248-3196
David@GingrasLaw.com

Stevan Lieberman (*Pro Hac Vice*)
**Greenberg & Lieberman, LLC**
1775 Eye Street, Suite 1150
Washington, D.C. 20006
Tel.:(202) 625-7000
Fax: (202) 625-7001
Stevan@aplegal.com

*Attorney for Plaintiff deltaventure GmbH*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2020 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, which filing caused service to be made upon all parties and attorneys of record.

/s/ *David S. Gingras*
David Gingras

*Attorney for Plaintiff deltaventure GmbH*

**MOTION FOR DEFAULT JUDGMENT**