WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| deltaventure GmbH, | No. CV-20-00363-PHX-MTM |
| Plaintiff, | **ORDER** |
| v. | |
| Pay.io, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Default Judgment (doc. 18), filed June 12, 2020. Plaintiff seeks a declaratory judgment declaring Plaintiff is the only entity with any right to the control of the domain name "Pay.io", injunctive relief in the form of an order directing that control of the domain name "Pay.io" be transferred to Plaintiff and that Plaintiff be listed as registrar and owner of the "Pay.io" domain, statutory damages, and any other relief the Court deems proper. For the reasons described below, the Court grants the motion and enters default judgment.

**I.    Factual Background.**

On February 19, 2020, Plaintiff commenced this action by filing a Complaint. (Doc. 1.) The Complaint alleges that Plaintiff has continuously owned the domain name "Pay.io" domain name after acquiring it on June 4, 2012. (*Id*. at 4). Plaintiff alleges that on July 24, 2016, the domain name was transferred to another individual without Plaintiff's knowledge or consent. (*Id*. at 4-5). Plaintiff subsequently identified the individual as Vera Sokolova.

(Doc. 13 at 2). Sokolova provided contact information to the domain name registry indicating a physical address in Volgograd, Russia. (*Id*). Plaintiff avers that in February 2020, Plaintiff's counsel sent a copy of the Complaint to an email address listed on the domain name registry as well as a physical copy of the Complaint, Summons, and Request for Waiver of Service to the physical address provided to the domain name registry. (Doc. 13-1 at 2-3). Plaintiff did not receive a response. (*Id*. at 3).

On April 8, 2020, Plaintiff filed a Motion for Order Directing Service by Publication (doc. 13), in an effort to provide actual notice to the individual allegedly in possession of the domain name. On April 15, 2020, the Court granted Plaintiff's motion, and directed service by publication in Arizona and Volgograd, Russia. (Doc. 14 at 4-5). On May 29, 2020, Plaintiff filed a Notice with the Court demonstrating compliance with the Court's April 15, 2020 Order. (Doc. 15). No individual appeared in this Court to defend this action. On June 10, 2020, Plaintiff filed an Application for Entry of Default (doc. 16). On June 12, 2020), Plaintiff filed the present Motion for Default Judgment (doc. 18).

**II.   Jurisdiction.**

The Court has jurisdiction to grant default judgment. The Court has already discussed in its April 15, 2020 Order (doc. 14) its authority under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125 *et. seq.* ("ACPA") to exercise *in rem* jurisdiction of the "Pay.io" domain name. The Court concluded that it could exercise *in rem* jurisdiction over the domain name because Plaintiff's Complaint pled facts sufficient to state a claim that Plaintiff is the rightful owner of the domain name, jurisdiction and venue were proper in the District of Arizona, and Plaintiff could not obtain personal jurisdiction over the individual who would otherwise be a named defendant in this action. (Doc. 14 at 2-3).

One final jurisdictional issue remains. Ordinarily, a magistrate judge may only enter judgment in a civil action "upon consent of the parties." 28 U.S.C. § 636(c). This typically means all parties, including those who have not been served. *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). However, the Ninth Circuit held in *Williams* that, when the action

is *in rem*, the action is against the property itself, meaning that the real defendant in interest is not needed to confer consent on a magistrate judge. *Id*. Because Plaintiff consented to this Court's jurisdiction (*see* doc. 11) and *in rem* jurisdiction is proper in this case, the undersigned United States magistrate judge may enter default judgment. *See also KKMI Sausalito, LLC v. Vessel "Self Inflicted"*, 428 F. Supp. 3d 200 (N.D. Cal. 2019).

**III.    Analysis.**

Rule 55(b)(2) of the Federal Rules of Civil Procedure permits a court to grant default judgment against a party after the Clerk of Court has issued an Entry of Default pursuant to Fed. R. Civ. P. 55(a). The Court must consider seven factors: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Const. Laborers Trust Funds for S. Cal. Admin. Co. v. Anzalone Masonry, Inc.*, 316 F. Supp. 3d 1192, 1198 (C.D. Cal. 2018) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)). The Court considers these factors in turn:

**1.    Prejudice to Plaintiff.**

The first *Eitel* factor weighs in favor of default judgment. Plaintiff will be prejudiced by failure to enter default judgment, as continuation of this action despite Defendants' failure to respond precludes Plaintiff's ability to either obtain relief or litigate this case on the merits.

**2.    Merits of the Complaint.**

The Court considers the second and third factors together in instances where the defendant has failed to appear. When moving for a default judgment, "the well-pleaded factual allegations in the complaint are accepted as true, with the exception that allegations as to the amount of damages must be proved." *Anzalone*, 316 F. Supp. 3d at 1198.

Plaintiff's complaint is facially meritorious. To state a claim for a claim of "cybersquatting" in violation of the ACPA, a Plaintiff must establish facts sufficient to

prove "the defendant registered, trafficked in, or used a domain name; (2) the domain name is identical or confusingly similar to a protected mark owned by the plaintiff; and (3) the defendant acted 'with bad faith intent to profit from that mark.'" *Petroliam Nasional Behad v. GoDaddy.com, Inc.*, 897 F. Supp. 2d 856, 863 (N.D. Cal. 2012)(citing 15 U.S.C. § 1125(d)(1)(A)).

Plaintiff alleges that Plaintiff acquired the "Pay.io" domain name on June 4, 2012 and renewed the domain name at least four times since. (Doc. 1 at 4). Plaintiff further states that when Plaintiff last renewed the domain name registration, it did so for a period of five (5) years. (*Id*). Plaintiff also alleges that the very same domain name was transferred to real defendant in interest, which Plaintiff now believes is Sokolova. (*Id*. at 5). Finally, Plaintiff alleges that the real defendant in interest transferred the domain name using false or fictious identifying information, depriving Plaintiff of business opportunities and revenue. (*Id*. at 6). Taking Plaintiff's assertions as true, the Court concludes the complaint is facially meritorious, and supports entry of default judgment.

### 3. Amount in Controversy.

The fourth *Eitel* factor weighs in favor of entering default judgment. Default judgment is disfavored where the sum of money requested is too large or unreasonable when compared to a defendant's conduct. *Anzalone*, 316 F. Supp. 3d at 1201. Plaintiff is requesting declaratory relief, the transfer of the domain name, and "statutory damages in an amount the Court considers just" (doc. 18 at 4-5). The relief requested is not too large or unreasonable.

### 4. Dispute Over Material Facts.

The fifth *Eitel* factor weighs in favor of entering default judgment. The possibility of a dispute regarding material facts is relevant only so far as there are two parties present to dispute those facts. When one party fails to appear to defend an action, there is no dispute of material facts.

### 5. Excusable Neglect.

The sixth factor weighs in favor of granting default judgment. The risk of excusable

neglect is substantially lessened when a defendant fails to respond after being properly served. *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). Defendants were properly served by publication (*see* doc. 15) and have failed to respond by filing an answer, a motion to dismiss, or some other responsive pleading indicative of intent to contest this action. Therefore, this factor strongly supports entry of default judgment against Defendants.

### 6. Decisions on the Merits.

The final *Etiel* factor supports entry of default judgment. Though the Federal Rules of Civil Procedure contain a policy strong favoring deciding cases on the merits, a judgment on the merits is impractical, if not impossible, where defendants fail to respond to a plaintiff's complaint. *Anzalone*, 316 F. Supp. 3d at 1202. Accordingly, the preference for decisions on the merits does not preclude default judgment.

### 7. Conclusion.

After analyzing the *Etiel* factors, the Court concludes that all seven factors favor a default judgment. Accordingly, the Court grants Plaintiff's motion and enters a default judgment on behalf of Plaintiff.

## IV. Damages.

Having concluded default judgment is appropriate, the Court must also determine the nature and scope of relief. Plaintiff requests both declaratory and monetary relief. The Court considers each in turn.

### A. Declaratory Relief.

Plaintiff requests that deltaventure GmbH be declared the rightful owner of the "Pay.io" domain name and that all interests in the domain name be transferred to Plaintiff in a timely fashion. (Doc. 14 at 3). Declaratory relief is appropriate "when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Valenzuela v. Ducey*, 329 F. Supp. 3d 982, 998 (D. Ariz. 2018)(citing *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986)).

The Court concludes declaratory relief is appropriate; this dispute concerns the rightful ownership of the "Pay.io" domain name; declaratory relief establishing the owner of the domain name will settle the legal relations at issue and terminate the uncertainty arising out of the dispute. Based on the uncontested facts, Plaintiff has demonstrated that it is the rightful owner of the domain name. Accordingly, the Court grants declaratory relief, and declares that all right, title, and interest in the domain name "Pay.io" shall inure to Plaintiff deltaventure GmbH.

### B.    Injunctive Relief.

Plaintiff next requests injunctive relief in the form of "an order directing that control of the domain name Pay.io be promptly transferred to the Plaintiff and that Plaintiff be listed as registrar of the domain name Pay.io." (Doc. 18 at 3). The Court agrees that injunctive relief is appropriate; the Court grants declaratory relief to Plaintiff stating that Plaintiff is the rightful owner of the "Pay.io" domain name; relief would be incomplete if Plaintiff were not also permitted to have the domain name transferred to Plaintiff. Therefore, the Court requires third-party Namecheap, Inc. to place the domain name "Pay.io" in a separate account, and to provide the username and password of said account to Plaintiff's counsel. *See Randazza v. Cox*, 920 F. Supp. 2d 1151, 1160-61 (D. Nev. 2013)(granting injunctive relief and ordering several domain names "be immediately locked by the Registrar and/or its successor registrars and transferred to Plaintiffs.").

### C.    Monetary Relief.

Plaintiff also requests statutory damages "in an amount the Court considers just." (Doc. 18 at 4.) The ACPA provides for a mandatory award of statutory damages "in the amount of not less than $1,000.00 and not more than $100,000.00 per domain name." 15 U.S.C. § 1117(d). "To determine a reasonable amount of statutory damages, courts generally consider a number of factors ..., including the egregiousness or willfulness of the defendant's cybersquatting, the defendant's use of false contact information to conceal its infringing activities, the defendant's status as a 'serial' cybersquatter ... and other behavior by the defendant evidencing an attitude of contempt towards the court of the proceedings."

*Wecosign*, 845 F. Supp. 2d at 1086 (internal citations omitted). The appropriate damages award is committed to the discretion of the judge. *Compare CrossFit Incorporated v. del Cueto*, No. CV-14-00297-PHX-DLR, 2018 WL 740993 (D. Ariz. Feb. 6, 2018)(awarding $200,000.00 in statutory damages for two infringing domain names), *with BMW of North America, LLC v. Mini Works, LLC*, No. CV-07-1936-PHX-SMM, 2010 WL 11484171 (D. Ariz. Sept. 27, 2010)(awarding $9,000.00 in statutory damages for nine infringing domain names).

The Court adopts the approach taken by the Central District of California in *Wecosign*. In that case, plaintiff brought a default judgment motion after defendants registered and operated a domain name virtually identical to plaintiff's trademark. *Id*. at 1080. However, the court awarded only $50,000.00 in statutory damages instead of the maximum $100,000.00 permitted by law. The court reasoned that "Defendants provided false contact information to the domain name registrar, but Plaintiff produces no additional evidence to support a maximum statutory damages award." *Id*.

This case presents similar facts. The real defendant in interest listed a physical address in Volgograd, Russia as part of its domain name registration information that Plaintiff indicates is undeliverable. (*See* doc. 13-1, Declaration of David S. Gingras at 3). The email address provided also does not match the name of the individual registrant. (*Id*). The Court concludes Defendant has provided false contact information. However, the instant motion does not include supporting documentation describing Plaintiff's pecuniary loss, or other circumstances that demonstrate that a maximum statutory damages award should be imposed. Accordingly, the Court will award $50,000.00 in statutory damages.

**V.    Conclusion.**

Plaintiff has made all required efforts to inform the real party in interest of this action and the ramifications of failing to respond. No response followed. Plaintiff has satisfied all statutory requirements under the ACPA to obtain the "Pay.io" domain name. Accordingly, default judgment in Plaintiff's favor is granted.

**IT IS ORDERED:**

(1) Plaintiff's Motion for Default Judgment (doc. 18) is **GRANTED**.

(2) All right, title, and interest in the domain name "Pay.io" shall inure to Plaintiff deltaventure GmbH.

(3) Registrar Namecheap, Inc. shall place the domain name "Pay.io" in a separate account at Namecheap and provide the username and password of the same to Plaintiff's counsel.

(4) Defendant in interest Doe, a.k.a. Vera Sokovola, is liable for statutory damages in the amount of $50,000.00, payable to Plaintiff.

(5) The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendants "Pay.io" and Doe and to close this case.

Dated this 6th day of October, 2020.

Honorable Michael T. Morrissey
United States Magistrate Judge